COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

Date Submitted: April 17, 2017
Date Decided: April 17, 2017

Kenneth J. Nachbar, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Kevin G. Abrams, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Re:    *Zohar II 2005-1, Limited v. FSAR Holdings, Inc.*
       C.A. No. 12946-VCS

Dear Counsel:

On April 4, 2017, the Court issued an oral ruling denying a motion to sever or stay counterclaims and defenses brought by Defendant, Counterclaim Plaintiff and Third-Party Plaintiff, Lynn Tilton (the "Motion"). Specifically, Ms. Tilton urged the Court to preclude the parties from presenting evidence relating to, or asking the Court to adjudicate the issue of, who, as among the parties to this litigation, are the beneficial owners of certain equity interests in FSAR Holdings, Inc., Glenoit Universal Ltd. and UI Acquisition Holding Co. (together, the "Defendant Companies"). According to Ms. Tilton, this issue is highly complex and well

beyond the bounds of this summary proceeding which Plaintiffs initiated under 8 *Del. C.* §§ 211 & 225 to determine the properly-elected members of the board of directors of each of the Defendant Companies. The Court disagreed and denied the Motion.

Ms. Tilton has now petitioned this Court to certify an expedited interlocutory appeal of its decision to deny the Motion. The petition was filed on the night of April 11, 2017, just one week before the trial of this Section 225 action is set to begin. Plaintiffs oppose the petition.

Delaware Supreme Court Rule 42(b)(i) provides that "[n]o interlocutory appeal will be certified by the trial court or accepted by [the Delaware Supreme] Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment." Instances where the trial court certifies an interlocutory appeal "should be exceptional, not routine, because [interlocutory appeals] disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[1] For this

---

[1] Del. Supr. Ct. R. 42(b)(ii).

reason, "parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[2]  When certifying an interlocutory appeal, "the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.  If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[3]

The gravamen of Ms. Tilton's argument is that the Court should sever the equity ownership issues from the issues to be tried this week because it would be unfair (and contrary to due process) to require that she defend her claim to the equity in the Defendant Companies in a summary proceeding.  She contends that the only issues that should be tried now are whether she, as a director of each of the Defendant Companies, or as former collateral manager of the Zohar Funds, properly executed irrevocable proxies that granted to her exclusive voting control in each entity, and

---

[2] *Id.*

[3] Del. Supr. Ct. R. 42(b)(iii).

whether the irrevocable proxies nullify the consents that the Plaintiffs delivered to the Defendant Companies to effect changes on their boards of directors. Yet, as I noted in my oral ruling, Ms. Tilton cannot dispute that the Plaintiffs raised the equity ownership issue in their Complaint and tied the issue to the relief they are seeking here, Ms. Tilton raised the issue in her counterclaims, and the parties have engaged in extensive discovery relating to the issue since the outset of this litigation.

Ms. Tilton maintains that she alone controls the equity in the Defendant Companies and will argue, either in these proceedings or later if the issue is severed, that she alone is entitled to vote the equity interests to elect directors to the boards of these companies. Ms. Tilton does not deny that the equity ownership issue will have to be resolved at some point and that the resolution of the issue will affect (and potentially undo) the resolution of the claims that will remain if the equity ownership issue is severed. Nevertheless, she contends that the issue is too complicated to resolve here.[4]

---

[4] I note that in denying the Motion, I did agree to extend the trial from three days to six days in order to address Ms. Tilton's argument that the Court had not allotted enough time to try both the irrevocable proxy and consent issues and the equity ownership issue.

What Ms. Tilton proposes is a piecemeal approach to the litigation that will not advance the interests of justice but, instead, will increase costs and burdens.[5] If the Court agrees with Plaintiffs that Ms. Tilton's attempt to grant to herself irrevocable proxies to secure voting rights in connection with each of the Defendant Companies was ineffective, and that the consents to remove and replace members of the board of directors of each of the Defendant Companies were effective, the core issue in this Section 225 action (who are the rightful members of the boards) will still remain in flux. To the extent Ms. Tilton does not prevail on the irrevocable proxy and consent issues in this trial, she will argue in the next proceeding that the disposition of the irrevocable proxy and consent issues in Plaintiffs' favor was irrelevant since she has been the beneficial owner of the equity interest in the Defendant Companies all along and, therefore, she alone is and has been authorized

---

[5] *Krahmer v. Christie's Inc.*, 2006 WL 4782303, at *1 (Del. Ch. June 15, 2006) (denying certification upon noting that "[c]ertification would likely result in the piecemeal appeal of factually and legally related issues and would be contrary to the interest of justice and the orderly procession of matters before this court.").

to vote those shares.[6]  This inevitable next chapter of the parties' serial litigation would frustrate one of the principal purposes of this Section 225 action which is "to afford a procedure for determining expeditiously who are a Delaware corporation's *de jure* managers, in order to resolve uncertainty over who is authorized to manage the corporation and act on its behalf."[7]  Ms. Tilton's request to sever and stay the equity ownership issue, if granted, would leave the cloud of uncertainty regarding the management of the Defendant Companies intact and hovering over all concerned.

The decision to submit an issue for trial or sever it for later adjudication rests within the sound discretion of the trial court.  Such determinations neither "determine substantial issues" nor "establish legal rights" that would justify interlocutory review under Delaware Supreme Court Rule 42(a).[8]  Under these

---

[6] Of course, as I noted in my ruling on the Motion, it may not be necessary to reach the equity ownership issue if the Court agrees with Ms. Tilton that her status (and interests) as director of or collateral manager for the Defendant Companies was adequate to allow her to execute the irrevocable proxies that she alleges granted her the right to vote shares registered in the name of the Zohar Funds.

[7] *Carvel v. Andreas Hldgs. Corp.*, 698 A.2d 375, 378 (Del. Ch. 1995).

[8] *Fireman's Fund Ins. Co. v. Hoechst Celanese Corp.*, 642 A.2d 836 (TABLE), 1994

circumstances, I cannot certify that the likely benefits of interlocutory review outweigh the probable costs. Accordingly, the petition for certification of an interlocutory appeal must be denied.

**IT IS SO ODERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

WL 144314, at *1 (Del. Apr. 22, 1994).